UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| WAYNE E. KLAUSING, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:16-cv-495 |
| | ) |
| v. | ) Honorable Gordon J. Quist |
| | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPORT AND RECOMMENDATION**

This was a social security action brought under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner). On November 2, 2016, this Court entered a judgment reversing the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 19). The matter is now before the Court on the parties' stipulation for attorney's fees and costs under the Equal Access to Justice Act (EAJA). (ECF No. 24).[1] The parties agree that plaintiff should be reimbursed

---

[1] Plaintiff originally sought $4772.75 in fees. (ECF No. 20, PageID.437). The parties thereafter agreed to the lesser amount reflected in the stipulated request.

-1-

$3,900.00 for attorney's fees and $400.00 in costs. (*Id.*, PageID.447-49). For the reasons set forth herein, I recommend that the request be granted and that judgment be entered in plaintiff's favor in the amount of $4,300.00.

## Discussion

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). A district court's decision granting or denying a motion for attorney's fees under the EAJA is reviewed on appeal under a deferential "abuse of discretion" standard. *DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014).

The Sixth Circuit has identified three conditions that must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See id*. The Commissioner stipulates that all three conditions have been satisfied. (*See* ECF No. 24, PageID.447-48). I agree.

### 1. Hours Claimed

The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks compensation for 22.29 hours in attorney time. (ECF No. 24, PageID.447).

Generally, a reasonable expenditure of time for representation of a party seeking judicial review of the Commissioner's final administrative decision denying claims is in the range of fifteen to thirty hours. *See Flamboe v. Commissioner*, No. 1:12-cv-606, 2013 WL 1914546, at *2 (W.D. Mich. May 8, 2013); *see also Fredericks v. Commissioner*, No. 1:12-cv-1234, 2014 WL 4057794, at *2 (W.D. Mich. Aug. 14, 2014); *Nichols v. Commissioner*, No. 1:09-cv-1091, 2012 WL 1189764, at *2 (W.D. Mich. Mar. 19, 2012) (collecting cases). "Unlike other types of civil cases in which the amount of discovery alone often creates wide variability in litigation hours, the vast majority of social security appeals conform to a relatively narrow range of hours because they involve a largely settled area of law, require no discovery, and follow a precise briefing schedule[.]" *Flamboe v. Commissioner*, 2013 WL 1914546, at * 2 (quoted citation omitted).

## 2.     Hourly Rate

The EAJA generally caps the hourly rate for attorney's fees at $125.00.  28 U.S.C. § 2412(d)(2)(A).  "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).  Plaintiff seeks to recover attorney's fees at a rate of $175.00 per hour for work performed in this case.  (ECF No. 24, PageID.447-48).  The EAJA specifies that "attorney's fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  The Supreme Court has determined that the statutory $125.00-per-hour cap applies "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

This Court has recently approved an hourly rate as high as $175.00 per hour, but it is not a default rate, and each application must be evaluated on its own merit. *See Havens v. Commissioner*, No. 1:13-cv-938, 2015 WL 5918736, at *2-3 (W.D. Mich. Oct. 9, 2015); *accord Malone v. Commissioner*, No. 1:13-cv-821, 2015 WL 6159404, at *2 (W.D. Mich. Oct. 20, 2015)*; Johnson v. Commissioner*, No. 1:14-cv-347, 2015 WL 5944186, at *1-3 (W.D. Mich. Oct. 13, 2015); *Bradford v. Commissioner*, No. 1:14-cv-1061, 2015 WL 5793302, at *2-3 (W.D. Mich. Oct. 1, 2015); *Martin v. Commissioner*, 1:12-cv-1030, 2015 WL 3513770, at *2-3 (W.D.

Mich. June 4, 2015). Based on a review of the record in this case, I have determined that the requested hourly rate of $175.00 is reasonable. Multiplying the 22.29 hours reasonably expended by counsel by the $175.00 hourly rate results in a total fee award of $3,900.75.[2]

The EAJA provides, in pertinent part, that the Court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). Accordingly, any judgment entered for EAJA attorney's fees must be entered in plaintiff's favor. *See Astrue v. Ratliff*, 560 U.S. at 591-93. "Any agreements entered into between plaintiff and counsel are not part of this closed case and cannot be injected into it at this juncture. There is a significant potential for conflict among plaintiff, his creditors, and his attorney with regard to the EAJA fees." *Flamboe v. Commissioner*, 2013 WL 1914546 at *3. "The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay [his] attorney is controlled not by the EAJA but by contract and the law governing that contract." *Astrue v. Ratliff*, 560 U.S. at 599 (Sotomayor, J. concurring). "Plaintiff's contractual obligations to his attorney are not part of this case." *Flamboe v. Commissioner*, 2013 WL 1914546, at *3; s*ee Drew v. Commissioner*, No. 1:13-cv-1135, 2014 WL 6680243, at *2 (W.D. Mich. Nov. 25, 2014).

---

[2]The parties are seeking a total of $3,900.00 in fees. This likely reflects a decision to round off or a minor mathematical error. Either way, the Court is using the sum proposed by the parties.

The parties have stipulated that plaintiff should be awarded $400.00 in reimbursement for his filing fee. (ECF No. 24, PageID.448-49). Recovery of the civil filing fee is appropriate. *See* 28 U.S.C. § 2142(a)(1); *see also Fredericks v. Commissioner*, 2014 WL 4057794, at *3; *Ford v. Commissioner*, No. 1:12-cv-1031, 2013 WL 5538784, at *1 (W.D. Mich. Oct. 8, 2013).

### Recommended Disposition

For the reasons set forth herein, I recommend that the stipulated request for attorney's fees and costs under the EAJA (ECF No. 24) be **GRANTED**, and that the Court enter a separate judgment in plaintiff's favor in the amount of $4,300.00.


Dated:  January 13, 2017            /s/ Phillip J. Green
                                 United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. ' 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Commissioner of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).